IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EDWARD E. CADE                                                    PETITIONER
Reg #33494-177

v.                              Case No. 2:17-cv-00134 JLH-JTK

GENE BEASLEY, *Warden*,
FCC-Forrest City                                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if

such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge on the petition of federal prisoner Edward E. Cade for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry #1) Petitioner's federal sentence derives from a 2006 conviction out of the United States District Court for the Northern District of Texas (Dallas Division) where he pleaded guilty to two counts: (1) possession with intent to distribute 6 kilograms or more of cocaine, 500 grams or more of cocaine base, and 1200 grams or more of marijuana and (2) possession of a firearm during a drug trafficking offense. Cade had a prior state conviction for possession with the intent to deliver a controlled substance. In sentencing Cade, the federal court determined that Cade was a career offender and imposed an enhanced sentence under

section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.).  He was sentenced below the advisory guideline range to 216 months on Count 1 and 60 months on Count 2, to be served consecutively.  Cade appealed his conviction to the Fifth Circuit Court of Appeals, arguing that the district court erred in enhancing his sentence as a career offender pursuant to U.S.S.G. § 4B1.1 based on the erroneous finding that the Texas state conviction for possession of a controlled substance with intent to deliver was a "controlled substance offense."  *United States v. Cade*, 296 Fed. Appx 431 (5th Cir. 2008).  Cade conceded that his argument was foreclosed by *United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007), *cert. denied*, 555 U.S. 831 (2008), and the Fifth Circuit granted the Government's motion for summary affirmance.

In 2009, Cade filed a motion pursuant to § 2255 in the Texas federal sentencing court. *See Cade v. United States*, 2011 WL 6949280 (N.D. Tex. 2011).  In the motion, Cade alleged ineffective assistance of counsel on two grounds: (1) counsel's failure to suppress drug evidence found in his home and (2) counsel's failure to object to the application of the career-offender provision of the sentencing guidelines.  The sentencing court adopted the findings, conclusions and recommendation of the magistrate judge and determined Cade had not demonstrated that he was entitled to any relief . *Cade v. United States*, 2012 WL 20481 (N.D. Tex. 2012).

In March 2017, Cade filed a petition pursuant to § 2241 in this district.  *Cade v. Rivera*, Case No. 2:16-cv-00131 BSM-PSH.  In the petition, Cade asserted that the Texas state court conviction for possession with intent to deliver a controlled substance should not have been used to enhance his federal sentence because the offense was not a "controlled substance offense."  He noted a recent change in the law offered by *Mathis v. United States*, 136 S.Ct. 2243

(2016)[1]; *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017); and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), but he acknowledged that he brought this same argument in his § 2255 motion, claiming instead that he was relying on new case law to support his claim. He also acknowledged that he did not seek permission from the apposite court of appeals before filing the petition. The magistrate judge recommended that the petition be dismissed for lack of subject matter jurisdiction and that the dismissal be without prejudice so that Cade might petition the Fifth Circuit for permission to file a second or successive petition. The district judge adopted the recommendation. *Cade v. Rivera*, 2017 WL 2390638 (E.D. Ark. 2017). The Eighth Circuit Court of Appeals summarily affirmed the district court. *Cade v. Rivera*, 2017 WL 6501630 (8th Cir. 2017).

On August 11, 2017, Cade filed this second petition for writ of habeas corpus pursuant to section 2241. In it, he asserts the same argument he has made in all previous proceedings—that the federal sentencing court erred when it enhanced his sentence pursuant to U.S.S.G. 4B1.1. Beasley avers the case is barred by res judicata and should be denied with prejudice because it is the same claim Cade asserted in the previous § 2241 petition. (Docket Entry #8) In reply, Cade states he "did not make the jurisdictional argument he now makes in his instant petition therefore, no court has ruled or considered his argument that he has not had an obstructed review of his claim being that the underlying argument had been foreclosed by 5th

---

[1]In *Mathis*, the Supreme Court expressly stated that its decision was "straightforward" because it was applying precedent that had existed "[f]or more than 25 years." 136 S. Ct. at 2257; *see also Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (rejecting argument that *Mathis* represented new or retroactive rule of law).

Circuit precedent. Thus res judicata does not bar the instant petition.  Also, there was no argument raised in the 8th Circuit on appeal, therefore the appeal was abandoned." (Docket Entry #9, at p. 1) Even construing this pro se petition liberally, it is unclear exactly the "jurisdictional argument" Cade claims has not been considered previously. Even so, for the reasons set forth below, it is recommended that the petition be dismissed for lack of jurisdiction.

<u>DISCUSSION</u>

"[R]es judicata does not apply 'to a decision on habeas corpus to discharge the prisoner.'" *McCleskey v. Zant*, 499 U.S. 467, 480-481 (1991) (quoting *Sallinger v. Loisel*, 265 U.S. 2424, 230 (1924); *Wong Doo v. United States*, 265 U.S. 239, 240 (1924)).  However, the scope of a petition like the instant one is clear—a federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 and not a habeas petition in the district of incarceration under § 2241.  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy provided by §2255 is "inadequate or ineffective" to test the legality of his detention.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).  This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d 959, because, when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule.  Importantly, it is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.  *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000).

In the previous § 2241 petition filed in this district, the Court determined that the United States District Court for the Eastern District of Arkansas lacked subject matter jurisdiction over Cade's petition, finding that he was attempting to undertake a second collateral attack of his sentence. The instant petition is Cade's third attempt.

Petitioner is challenging the career-offender enhancement of his sentence that was imposed by the Texas federal court. Such a challenge is appropriate under § 2255, and as previously noted, Petitioner has sought such review in the Texas district courts and the Fifth Circuit Court of Appeals. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *Lurie*, 207 F.3d at 1077 (internal citations omitted); *see also Hill*, 349 F.3d at 1091 (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). Therefore, the undersigned finds that this Court still does not have jurisdiction to consider Petitioner's claim in this § 2241 habeas action.

<u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that relief via the petition for writ of habeas corpus pursuant to § 2241 is not available to Petitioner. *See Hill*, 349 F.3d at 1091 (determining that a district court lacks jurisdiction to consider an unauthorized Section 2241 petition for writ of habeas corpus). Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus, Docket Entry #1, should be denied and dismissed with prejudice. The

undersigned recommends that the dismissal be with prejudice because the sister case filed in this district was dismissed without prejudice so that Cade might petition the Fifth Circuit Court of Appeals for permission to file a second or successive petition.

SO ORDERED this 8th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE